

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

DOUGLAS F. WHITMAN and
WHITMAN CAPITAL LLC,

Defendants.

12 Civ. 1055 (JSR)

ECF CASE

## FINAL JUDGMENT AS TO DEFENDANTS DOUGLAS F. WHITMAN AND WHITMAN CAPITAL LLC

The Securities and Exchange Commission having filed a Complaint and Defendants Douglas F. Whitman and Whitman Capital LLC (collectively, "Defendants"), each having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable, on a joint and several basis, for disgorgement in the amount of $935,306, representing profits gained as a result of the conduct alleged in the Complaint. In the event that an order of criminal forfeiture against Defendant Douglas F. Whitman is entered in the criminal case against Douglas F. Whitman before the United States District Court of the Southern District of New York titled, United States vs. Doug Whitman, 12-cr-125 (JSR), then Defendants' monetary obligations, including all outstanding post judgment interest, will be credited dollar for dollar by the amount of criminal forfeiture. Defendant shall make this payment (minus any amount ordered in criminal forfeiture) within 14 days after entry of this Final Judgment.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Doug Whitman shall pay a civil penalty in the amount of $935,306, to the Securities and Exchange Commission pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant Doug Whitman shall make this payment within 14 days after entry of this Final Judgment.

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants may transmit payments ordered under this Final Judgment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and, with respect to the penalty payment by Douglas F. Whitman, stating Douglas F. Whitman's name as a defendant in this action; and, with respect to any disgorgement payment by Douglas F. Whitman and/or Whitman Capital LLC, identifying Douglas F. Whitman and Whitman Capital LLC, respectively, as defendants in this action; and specifying in either case (penalty or disgorgement) that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with their respective, and joint and several, undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       3/18, 2013

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-against -

DOUGLAS F. WHITMAN and
WHITMAN CAPITAL LLC,

                Defendants.

12 Civ. 1055 (JSR)

ECF CASE

---

# CONSENT OF DEFENDANTS DOUGLAS F. WHITMAN AND WHITMAN CAPITAL LLC

1.     Defendants Douglas F. Whitman and Whitman Capital LLC ("Defendants"), respectively, acknowledge having been served with the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over the Defendants and over the subject matter of this action.

2.     Defendants hereby consent to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)     permanently restrains and enjoins Defendants from violations of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5];

1

  (b) orders Defendants, on a joint and several basis, to pay disgorgement in the amount of $935,306, but provides that in the event that an order of criminal forfeiture is entered against Defendant Douglas F. Whitman in the criminal case before the United States District Court of the Southern District of New York titled, <u>United States v. Doug Whitman</u>, 12-CR-125 (JSR), then Defendants' disgorgement obligations, including all outstanding post judgment interest, will be credited dollar for dollar by the amount of the criminal forfeiture order; and

  (c) orders Defendant Douglas F. Whitman to pay a civil penalty in the amount of $935,306 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].

 3. Defendant Douglas F. Whitman agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, or, directly or indirectly, from any limited partner of any hedge fund advised by Whitman Capital LLC, with regard to any civil penalty amounts that Defendant Douglas F. Whitman pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant Douglas F. Whitman further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant Douglas F. Whitman pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

2

4.      Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce the Defendant to enter into this Consent.

7.      Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

9.      Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal

3

liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that the Defendant shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants, respectively: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby

4

withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If either Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by the Defendant to defend against this action. For these purposes, Defendants agrees that neither Defendant is a prevailing party in this action since the parties have reached a good faith settlement.

13. Defendants agrees that the Commission may present the Final Judgment to the Court for signature and entry without

further notice.

14. Defendants agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 2/20/13

*Douglas F. Whitman*
Douglas F. Whitman

On 2/20, 2013, *Douglas Whitman* dp, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

*Debra Lee Parker*
Notary Public
Commission expires: 8/30/2013

DEBRA LEE PARKER
COMM. # 1863271
NOTARY PUBLIC - CALIFORNIA
SANTA CLARA COUNTY
My Comm. Expires Aug. 30, 2013

Whitman Capital LLC

By: *Douglas F. Whitman*
Douglas F. Whitman
President, Whitman Capital LLC

Approved as to form:

Barry W. Rashkover, Esq.
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019